# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *  *
|  |  |
|---|---|
| N.L., by his parents, | *  No. 13-265V |
| BRITTANY LAMBERT & DAVEY | *  Special Master Christian J. Moran |
| LAMBERT, | * |
|  | *  Filed: November 18, 2014 |
| Petitioners, | * |
|  | *  Attorneys' fees and costs; award |
| v. | *  in the amount to which |
|  | *  respondent does not object. |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
|  | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * *  *

William E. Cochran, Jr., Black McLaren et al., Memphis, TN, for Petitioners;
Darryl Wishard, U. S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On November 12, 2014, petitioners filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioners' application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their application to request $ 42,500.00, an amount to which respondent does not object. The Court awards this amount.

On April 15, 2013, Brittany Lambert and Davy Lambert filed a petition for compensation, on behalf of their son, N.L., alleging that various vaccines which N.L. received caused him to suffer thrombocytopenic purpura ("ITP") and its

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

related sequelae. [1]  Petitioners received compensation based upon the parties' stipulation.  <u>Decision</u>, filed Aug. 28, 2014.  Because petitioners received compensation, they are entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Petitioners seek a total of **$41,000.00** in attorneys' fees and costs for their counsel.  Additionally, in compliance with General Order No. 9, petitioners state that they incurred **$1,500.00** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a.  **A lump sum of $41,000.00 in the form of a check made payable to petitioners and petitioners' attorney, William E. Cochran , Jr., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b.  **A lump sum of $1,500.00, payable to petitioners, Brittany Lambert and Davy Lambert, for costs they incurred in pursuit of their petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[1] N.L. received MMR, Varicella, and Hep Avaccines on April 15, 2010, and Prevnar DTaP, and Hib vaccines on July 15, 2010.

2